EVANS *et al. v.* HARDIN *et al.*

(In Banc. Dec. 23, 1940. Suggestion of Error Overruled, Feb. 10, 1941.)

[199 So. 308. No. 34381.]

(In Banc. Suggestion of Error Overruled, Feb. 10, 1941.)

[200 So. 125. No. 34381.]

W. I. Stone, of Coffeeville, and W. J. Evans, of Calhoun City, for appellants.

Patterson & Patterson, of Calhoun City, and **R. F. Kim-mons**, of Water Valley, for appellees.

Argued orally by **W. I. Stone**, for appellants.

**McGehee, J.,** delivered the opinion of the court.

As compensation for legal services rendered on behalf of Dr. J. A. Hardin and wife in the case of Hardin et al. v. Grenada Bank et al., reported in 182 Miss. 689, 180 So. 805, wherein the validity of the foreclosure sale of 901¼ acres of land under a renewal deed of trust held by the

bank was challenged on the ground that the Hardins were not indebted to the said bank, either at the time of such renewal or when the sale was made, the appellants in the present suit were to receive a cash fee of $700 and also 25% of whatever amount was received on behalf of the Hardins in their suit against the Grenada Bank, "whether it be land, or personalty, or money, or credit on indebtedness; that is, anything recovered by the suit from this day (meaning the date of the execution of the written contract of employment in that behalf) forward, whether by compromise or by litigation in the courts . . ." The appellants were employed as such attorneys and the contract was executed while the lands were being advertised for sale, and the parties thereto all fully understood that the Hardins would be unable to enjoin the trustee's sale because of their inability to furnish the necessary injunction bond for that purpose. It was therefore realized that the sale, seeking to collect an alleged indebtedness of approximately $12,000, would be conducted by the trustee according to schedule, but it was contemplated that those in attendance at the sale would be notified that there was no indebtedness due under the deed of trust to the holder thereof and that the purchaser at the sale would acquire no title. This was accordingly done, and thereafter the suit was filed to set aside the trustee's sale on the ground that the note and deed of trust represented a renewal of an alleged balance on an original loan of $45,000 on which it was alleged that large sums of money collected by the bank as interest over a period of several years was usurious, and would be applied by operation of law to payment of the principal so as to leave no indebtedness due and owing under the deed of trust which was foreclosed as aforesaid. The defendant bank filed its answer, denying the allegations of the bill of complaint, and incorporated therein a cross-bill wherein it sought to recover $10,916.77 as a balance due under the deed of trust, after allowing a credit of $1,200 which was bid for the land by a nominal purchaser

for the benefit of the bank at the trustee's sale. The case was referred to a master for hearing, and according to the language contained in the opinion of this court on the appeal of the case of Hardin et al. v. Grenada Bank et al., supra, the master did not state an account, but did file with the chancellor his finding of fact and law. Among other things, he reported that in his opinion the trustee's sale was valid and binding; and that the bank was entitled to a decree over against the Hardins in the sum of $10,-916.77; that because of the Statute of Limitations, no set-off would be allowed to them because of the payments of usurious interest. Upon the hearing of exceptions to the master's report, the chancery court approved the finding of the master in all respects, except that the chancellor held the bank was not entitled to a money decree over, for the reason that the payments made by the Hardins, applying the law of usury, had far exceeded the balance found due, and that the Hardins were entitled to offset those payments against said amount, but approved the master's report to the effect that the trustee's deed should not be cancelled. The decision by this court of all of the issues involved on the appeal is fully disclosed in the opinion found in the reported case.

It is the contention of the appellants in the case at bar that they are entitled not only to a one-fourth interest in the land recovered for the Hardins, but that they are also entitled to a personal decree against them for one-fourth of the $10,916.77 and one-fourth of the cash surrender value of a $10,000 life insurance policy on the life of Dr. Hardin, amounting to $2,053.36, which was pledged to the Grenada Bank as part of the security for the alleged indebtedness, and which policy was recovered along with the land as a result of the litigation. The court below allowed their claim for a one-fourth interest in the land and in the cash surrender value of the life insurance policy and ordered a sale of the land for partition. The claim of the appellants herein for one-fourth of the alleged indebtedness claimed by the bank against the Hardins

was disallowed. From the disallowance of that item, this appeal is prosecuted.

It is obvious that the object sought to be accomplished in the suit between the Hardins and the Grenada Bank was the recovery of the land and other security free of the alleged indebtedness claimed by the bank against the Hardins. The successful effort of the attorneys in obtaining an adjudication that there was no indebtedness due and owing to the bank at the time of the renewal of the deed of trust and at the time of the foreclosure thereof was the means by which the end desired was accomplished —the recovery of the land and insurance policy. There was no judgment or decree against the Hardins for the $10,916.77 at the time of the employment of the appellants as their attorney, nor was there ever any such judgment or decree against them for this amount, or for any other sum during the progress of that litigation. There was merely a finding by the master to the effect that the bank was entitled to such a decree, as embodied in his report long after the execution of the contract, but which finding was not approved by the decree of the chancery court. And, it is erroneous to say that the legal services resulted in a benefit to the Hardins to the extent of the value of the land at $10 per acre, of the insurance policy, and also to the extent of the indebtedness claimed against them by the Grenada Bank, since it is apparent that it was within the contemplation of the parties that either the payment of the indebtedness or an adjudication that nothing was due the bank either at the time of the execution or foreclosure of the deed of trust would necessarily result in restoring the title of both the land and insurance policy to the Hardins as an incident thereto. Hence, it is clear that the chancellor was correct in holding that the adjudication of the fact that no indebtedness was due the bank was what caused the security to be recovered; and that, therefore, the appellants would not be entitled to a one-fourth interest in the property and also in the

amount of the non-existent debt asserted by the bank for which the property was claimed to be held as security.

The effect of the provision of the contract hereinbefore quoted is that if the attorneys had been able to recover, in addition to the land and other security, a decree against the bank for any overpayment of the several loans, they would be entitled, in such event, to one-fourth of the security recovered and a one-fourth interest in the money decree; or, if they had only been successful in securing a partial extinguishment of the indebtedness by the application of the payments of usurious interest thereon and had not recovered the security, they would only have been entitled to one-fourth of the reduction obtained. But, having recovered all of the security as a result of an adjudication that there was no debt due, they are only entitled to a one-fourth interest in the property recovered.

Affirmed.

## On Suggestion of Error.

**McGehee, J.**, delivered the opinion of the court on suggestion of error.

In the former opinion in this case, and particularly in the concluding paragraph thereof, we construed the provisions of the contract involved in this suit, wherein it is provided that the appellants herein were to receive for their legal services a cash fee of $700, which was paid, and twenty-five per cent of whatever was recovered on behalf of the appellees herein from the Grenada Bank ''whether it be land, or personalty, or money, or credit on indebtedness'' [199 So. 308, 309], in a suit which was then contemplated by appellees herein against the said bank, the object of which, as expressly recited in the contract, was to recover certain land and other security free of an alleged indebtedness claimed by the bank, on the theory that appellees owed the bank nothing under a deed of

trust which was then being foreclosed on the security in question.

On suggestion of error the court now adheres to its construction of the contract, as given in the former opinion, for the reasons therein stated, and for the further reason that if it should be conceded that appellants were not limited by the terms of their contract to a one-fourth interest in the value of the security as compensation for their legal services in obtaining the cancellation of the entire debt claimed by the bank and the consequent recovery of the security, and were in fact entitled to elect to take a decree either for one-fourth of the amount of indebtedness cancelled or one-fourth of the security recovered, as their best advantage might dictate, still the court below cannot be put in error in awarding to them a one-fourth interest in the security recovered, instead of a personal decree against appellees for one-fourth of the amount of the indebtedness claimed by the bank against the appellees and cancelled by the court as a result of the legal services rendered, for the reason that the appellants themselves asserted upon the trial their right to a one-fourth interest in the land and other security, and acquiesced in the action of the trial court in ordering a sale of the land for partition between themselves and appellees, and have not appealed from the decree in that behalf. Nor were the appellants required by the chancellor to elect to take a one-fourth interest in the said property as compensation for their services rendered in the suit between the appellees and the Grenada Bank, instead of one-fourth of the amount of the indebtedness claimed by the bank and cancelled in the former suit; but, on the contrary, they asserted their right to the one-fourth interest in the land and other security in any event, and then contended that they were in addition thereto entitled to a personal decree against the appellees for one-fourth of the amount of the indebtedness cancelled and a lien against the other three-fourths for the payment thereof.

In their bill of complaint herein the appellants alleged that the land consisting of 901¼ acres is worth at least $10 per acre, and that the other security, consisting of the cash surrender value of a life insurance policy, is worth $2,000; that the amount of the indebtedness which they succeeded in getting canceled was approximately $10,900; and that, therefore, they were entitled to recover twenty-five per cent of $21,900, that is to say, a money decree against the appellees for $5,475. The bill does not allege that the appellants were entitled to one-fourth of the land, but rather one-fourth of the value thereof at $10 per acre, and to have the same included in the personal decree of $5,475, prayed for as aforesaid.

On the trial, however, when they undertook to prove the allegation as to the value of the land, an objection was made and the ruling reserved thereon. It was then agreed that the appellants were entitled to a one-fourth interest in the land and the insurance policy, and that, therefore, it was unnecessary to prove the value of the land, and the cash surrender value of the insurance policy was shown to be $2,053.36. The trial then proceeded in order to determine the issue as to whether or not the appellants were entitled to an additional decree for one-fourth of the cancelled indebtedness for which, at the time the appellants were employed, the land and insurance policy were being held as security. It was then understood that a commissioner was to be appointed, which was accordingly done, to sell the land for partition, although a partition had not been prayed for, unless included in the prayer for general relief.

As stated in the former opinion, the recovery of the land and the insurance policy on behalf of the appellees was a mere incident to the adjudication by the court that they were not indebted to the Grenada Bank at the time the deed of trust was foreclosed. When appellants were employed to bring the suit against the bank, the appellees herein, as complainants in that suit, would not have been required to pay to the bank the alleged value

of the land and of the insurance policy and also the indebtedness claimed by the bank in order to obtain the recovery of the said security; and no further argument should be necessary to demonstrate that since the recovery of the security did result as a necessary incident to the cancellation of the alleged indebtedness, the attorneys would not be entitled to claim as compensation for their services one-fourth of the value of the land and insurance policy and also one-fourth of the amount of the indebtedness cancelled.

But, it is contended that the result of the court's construction of the contract leads to the conclusion that the appellants are to receive less for their services on account of having obtained a full cancellation of the debt claimed by the bank than if they had been able to obtain only a partial cancellation thereof. The fault in this argument lies in the erroneous assumption on their part that if, for instance, they had, on account of the usurious interest paid, obtained a reduction of $4,000 on the indebtedness claimed by the bank, they would be entitled to both one-fourth of the reduction and a one-fourth interest in the security, whereas the fact is that in such event they would have been entitled to only one-fourth of the credit obtained on the indebtedness. In such case there could have been no recovery of the security, except by the appellees' own act in paying off the balance then left due and owing.

Overruled.